## Schwartz's Estate.

*Wills—Construction—Intention.*

1. Where a testator makes an absolute gift he cannot couple with it a direction to withhold payment until such time as the legatee is likely to make proper use of the money.

2. Testator's will contained the following provision: "to my Dear May Darde of Broth Reupen a good outfit to start housekeeping when she get married, before I die, and May to get One thousand Dollars out of my estate and be given to her when my wife Amma see fit to give it to her that she make Proper use of it: without Intres.". The niece, May, daughter of testator's brother Reuben married after the death of the testator and claimed both a sufficient amount for an outfit and the sum of $1,000. *Held,* the intention of testator was disclosed to make a gift of an outfit if his niece had married in his lifetime and he had not furnished her such an outfit, but if she did not marry in his lifetime she was to have an absolute gift of $1,000, but no outfit and that the attempt in the will to restrain the payment to her failed for invalidity.

Argued April 27, 1916.    Appeal, No. 37, Jan. T., 1915, by May Biery, from decree of O. C. Berks Co., Jan. T., 1915, No. 37, directing distribution in Estate of George W. Schwartz, deceased.    Before BROWN, C. J., MESTREZAT, POTTER, STEWART and MOSCHZISKER, JJ.   Affirmed.

Petition for citation on executors to show cause why they should not comply with the provisions of the will of the decedent with reference to legacy bequeathed to petitioner.

The testator died on November 6, 1908, and his niece May Biery was married on June 21, 1910. Further facts appear in the following opinion by BUSHONG, P. J.:

The present proceeding was instituted for the purpose of determining the rights of May Biery in the estate of George W. Schwartz, deceased.

The decedent's will so far as it relates to the question at issue, is as follows: "......and she (the widow) to my Dear May Darde (daughter) of Broth (brother)

Reupen (Reuben) a good outfit to start housekeeping wen she get married, before I die, and May to get One thousand Dollars and (out) of my estate and be give to her wen my Wife Amme see fit to give it to her that she make Proper use of it: without Intres."

The legatee referred to above was May Schwartz, the decedent's niece, who lived in his family for a number of years before his death and some time after his death married James E. Biery.

The will is obviously one written by an illiterate man. The intention, however, is clear that the testator had in mind the furnishing of an outfit only in case his niece married in his lifetime—the words being "a good outfit to start housekeeping wen she get married before I die."

Why the testator made such a provision cannot now be known. The only reasonable explanation is that he had in mind the contingency of his niece's marriage in his lifetime without his providing her with an outfit and he in such case wanted her to have it; and that if she did not marry in his lifetime, she was to have $1,000—instead of the outfit.

Since Mrs. Biery in the court's opinion is not entitled to an outfit, it is unnecessary to determine from the testimony taken what would constitute a proper one.

The court is of the opinion that $1,000.00 should be paid out of the estate to May Biery at once. The gift is an absolute one: "May to get one thousand dollars out of My estate;" and the direction to withhold the payment until such time as she is likely to make proper use of the money is an attempt to circumvent the rule of public policy forbidding restraint in the use or disposition of property in which no one but the beneficiary has an interest: Shallcross's Est., 200 Pa. 122.

And now May 7, 1915, it is ordered that the prayer of the petition so far as it relates to an outfit is refused, and that so far as it relates to the payment of $1,000.00 the executors do pay the said sum to May Biery, the costs of the proceeding to be paid by the estate.

The lower court entered a decree refusing the prayer of the petition so far as it related to an outfit, and directed that the executors pay the sum of $1,000 to May Biery, petitioner. Petitioner appealed.

*Error assigned,* among others, was the decree of the court.

*William Kerper Stevens,* for appellant.

*D. N. Schaeffer,* of *D. N. Schaeffer & Son,* for appellee.

PER CURIAM, May 15, 1916:

The will of the testator is a combination of broken English and Pennsylvania German. The word "wen" in the testator's vernacular means "if," and he manifestly intended that if the appellant should marry in his lifetime she should get from his estate, if he failed to give it to her, what she is now claiming. No other conclusion could have been reached by the learned court below, and its decree is affirmed, with costs to the appellees, on its opinion denying appellant's petition for an "outfit."